LOUISE WILDER, Plaintiff-Appellant, v. BUTLER MANUFACTURING COMPANY, Defendant-Appellee.

Third District   No. 3—88—0378

Opinion filed January 18, 1989.

Jackson, Mitchell & Collier, of Peoria (Clifton J. Mitchell, of counsel), for appellant.

Ronald Henson, of Barash, Stoerzbach & Henson, of Galesburg, and Brian N. Woolley, of Lathrop, Koontz & Norquist, of Kansas City, Missouri (Jack D. Rowe, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, Louise Wilder, sued to recover damages for the alleged breach of an oral contract for permanent employment. Thereafter, the defendant, Butler Manufacturing Company, filed a motion for summary judgment which the trial court granted. The trial court found that there was no consideration to support the alleged oral contract for permanent employment. Furthermore, the trial court found that the alleged contract could not be performed within one year and thus was barred by the Statute of Frauds (Ill. Rev. Stat. 1985, ch. 59, par. 1 *et seq.*). We affirm on other grounds.

The plaintiff was hired by the defendant as an assistant foreman at its Galesburg plant on June 21, 1976. Prior to working for the defendant, the plaintiff had been employed by the City of Galesburg as its human relations officer for approximately five years. The plain-

tiff testified that during meetings with four of the defendant's employees she was offered a position at the defendant's plant with "job security." The defendant's employees deny making any such assurances. After working at the defendant's plant for nearly six years, the defendant experienced a severe downturn in business and subsequently terminated several salaried management employees, including the plaintiff. On appeal the plaintiff maintains that there was a definite promise for permanent employment in her oral contract with the defendant. We disagree.

▮ Illinois law requires that the terms of an oral agreement for permanent employment must be clear and definite before it can be enforced. (*Titchener v. Avery Coonley School* (1976), 39 Ill. App. 3d 871.) The plaintiff's testimony reveals that the alleged oral promises of permanent employment were not clear and definite. The plaintiff's various testimony about the terms of the alleged contract includes the following:

(1) Wilder testified that she was told "Butler would always have a woman in supervision, and as long as I produced for Butler, I would always have a job, and that the only person that could eliminate me would be myself, and that would be by not doing my job";

(2) Wilder testified that when she told Butler's David DeBaugh, then assistant personnel manager at the Galesburg Plant, that "I have job security where I am" and asked if she would have "job security" at Butler, she was told "that I would never have to anticipate a layoff";

(3) Wilder testified that she knew there could be layoffs of management personnel, and that she could be laid off, but she believed that she would be the last one laid off;

(4) Wilder also testified that she was told she would never be laid off;

(5) Wilder testified that she had "job security" because Butler's David DeBaugh told her she "was on ground floor level here. We have not hired women in management. You will be the first woman hired in management at Butler";

(6) Wilder testified that she told David DeBaugh she had job security and that David DeBaugh responded by saying "we are talking job security with Butler," "its a permanent position," and "[Y]ou're the first woman here. There's no problem. You have a permanent job";

(7) Wilder also testified that she was told by David DeBaugh "as long as I did my job I'd have my job, and the one person

that could eliminate me was Louise Wilder, and he wasn't worried about it."

The majority of these statements upon which Wilder bases her claim of a lifetime employment contract are merely informal expressions of goodwill and hope that naturally occur between a prospective employer and a prospective employee in an interview situation. For example, Wilder was allegedly told that she would never have to *anticipate* a layoff and as long as she did her job properly she would retain her position. These statements are merely optimistic expressions about the future. Illinois courts have found that such statements are insufficient to establish an oral contract for permanent employment.

In *Titchener v. Avery Coonley School* (1976), 39 Ill. App. 3d 871, the plaintiff claimed a contract for permanent employment based on assurances in her interview that "your future is here" at the defendant school and the employer "hoped it would be for many years to come." The appellate court found that such "[s]tatements which are of an informal character and which express only 'long continuing goodwill and hope for eternal association' do not amount to contractual obligations." (*Titchener*, 39 Ill. App. 3d at 875.) The *Titchener* court consequently upheld summary judgment for the defendant, finding such statements were too indefinite to create a certain promise for an oral contract of permanent employment. Similarly, in *Heuvelman v. Triplett Electrical Instrument Co.* (1959), 23 Ill. App. 2d 231, the plaintiff was told by his employer that his job as a salesman was a permanent position. The *Heuvelman* court found that there was no definite and certain terms which could give rise to a contract for permanent employment and thus upheld summary judgment for the employer. Likewise, in the instant case we find that the statements alleged by the plaintiff were too indefinite to establish an oral contract for permanent employment.

Moreover, Wilder's own testimony reveals inconsistent versions about the terms of the alleged oral agreement. In one instance she maintains that she would never be laid off, and in another instance she admits that when she was hired she understood that under certain circumstances she could be laid off. These contradictory versions confirm that the terms of the alleged oral contract were not clear and definite.

It is well established that an appellate court must affirm the circuit court's grant of summary judgment if that order was correct, even if the reason for affirming is a rationale which was not specifically relied upon by the circuit court. (*Keck v. Keck* (1974), 56 Ill. 2d

508.) Accordingly, we uphold the trial court's grant of summary judgment based on our finding that the alleged oral contract was not sufficiently definite and certain to be enforceable.

Affirmed.

BARRY and SCOTT, JJ., concur.