630 N.E.2d 978 (1994)
258 Ill. App.3d 743
196 Ill.Dec. 813
David M. KERCHER, Plaintiff-Appellant,
v.
FORMS CORPORATION OF AMERICA, INC. and Nodaway Valley Company, Defendants-Appellees.
No. 1-92-1770.
Appellate Court of Illinois, First District, Fifth Division.
February 10, 1994.
*979 Bickley & Bickley, Chicago (John H. Bickley, Jr., of counsel), for plaintiff-appellant.
Rosenthal and Schanfield, Chicago (Gerald B. Mullin, Norman L. Rothenbaum, of counsel), for defendants-appellees.
Justice COUSINS delivered the opinion of the court:
David M. Kercher (Plaintiff) appeals the trial court's entry of summary judgment in favor of Forms Corporation of America, Inc. (Defendant) and Nodaway Valley Company on plaintiff's breach of permanent employment contract and misrepresentation of financial condition claims. The critical question involved in this appeal turns on a breach of an alleged oral agreement for permanent employment.
The issue presented for review is whether a question of fact regarding the duration of plaintiff's employment existed so as to preclude the entry of the summary judgment order that the trial court rendered in defendant's favor.
We affirm.

BACKGROUND
Plaintiff placed his resume on file with an executive search firm. As a result of the search firm's notifying plaintiff of a position with defendants, plaintiff, in January 1987 flew to Illinois from California and interviewed with defendant's president and the chairman of Nodaway Valley Company, defendant's parent company. Plaintiff testified that defendant's president told him that he was looking for someone who would ultimately become president. Shortly thereafter, defendant's president called plaintiff and offered him a position as vice president of marketing at an annual salary of $85,000, with health, dental, and life insurance, a retirement plan, and a bonus based on defendant's profits.
Plaintiff testified that he asked defendant's president about the duration of his employment and a golf membership. Defendant's president responded that the company had gone to "a lot of expense and will go to a lot of expense to hire [plaintiff]." He also responded that plaintiff's position was "obviously a long term proposition," and that was why defendants were not "allowing [plaintiff] to exercise any of [plaintiff's] [stock option] rights for the first couple of years." According to plaintiff's deposition testimony, the restraint on exercising the stock options acted *980 as an incentive for plaintiff to remain employed by defendants.
Plaintiff requested a letter memorializing their conversation as to the terms of employment. The letter which plaintiff received outlined basic aspects of his employment: salary, potential 20% bonus, deferred compensation plan, supplementary income plan, stock option plan exercisable at 40% after two years and 20% for each of the next three years, automobile, and moving expenses. However, the letter was bereft of any provision regarding plaintiff's length of employment. In closing, defendant's president stated:
"I believe David [plaintiff] that this confirms our conversation, and I'm looking forward to working with you and building a better Forms Corporation of America."
Plaintiff admitted that nothing contained in the letter referred to defendant guaranteeing him a job for a specific duration.
Plaintiff started working for defendant on April 1, 1987. Approximately seven months later, defendants terminated him.
Plaintiff sued alleging the existence of an oral contract for permanent employment, breach thereof by defendants, and damages. Upon completion of discovery, defendants moved for summary judgment. In granting summary judgment in defendant's favor, the trial court stated that the employment contract was terminable at will, that plaintiff's stock option and other plans stated that nothing restricted defendant's right to terminate plaintiff, that an employee handbook case, Duldulao v. Saint Mary of Nazareth Hospital Center (1987), 115 Ill.2d 482, 106 Ill.Dec. 8, 505 N.E.2d 314, was inapposite, and that contracts of long duration should be definite and neutral. Plaintiff appeals contending that the issues presented were questions of fact to be decided by a jury thus barring entry of summary judgment.

OPINION
Appellate courts apply a de novo standard when reviewing summary judgment rulings. Outboard Marine Corp. v. Liberty Mutual Insurance Co. (1992), 154 Ill.2d 90, 102, 180 Ill.Dec. 691, 607 N.E.2d 1204.
Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. (Purtill v. Hess (1986), 111 Ill.2d 229, 240, 95 Ill.Dec. 305, 489 N.E.2d 867.) Where a reasonable person could draw divergent inferences from undisputed facts, summary judgment should be denied. Pyne v. Witmer (1989), 129 Ill.2d 351, 358-59, 135 Ill.Dec. 557, 543 N.E.2d 1304.
While use of summary judgment is encouraged under Illinois law to aid the expeditious disposition of a lawsuit, Purtill, 111 Ill.2d 229, 95 Ill.Dec. 305, 489 N.E.2d 867, it is a drastic means of disposing of litigation and should be allowed only when the right of the moving party is clear and free from doubt. Quality Lighting, Inc. v. Benjamin (1992), 227 Ill.App.3d 880, 883-84, 169 Ill. Dec. 890, 592 N.E.2d 377.

I.
We disagree with plaintiff's contention that the trial court erroneously entered summary judgment against him because we find no clear and definite expressions for permanent employment. Additionally, we do not find sufficient consideration.
Specifically, plaintiff asserts that leaving his former employer and benefits attendant to it to take a job with defendant was sufficient to support the assertion that the parties intended to create an oral contract for permanent employment. Plaintiff also contends that defendant's representations that he was to be groomed to become company president, the grant of stock options exercisable over years, and a 15-year retirement plan constituted sufficient specially bargained for consideration to support an oral agreement for permanent employment.
We recognize that a split exists in Illinois authority regarding the question of whether foregoing another employment opportunity sufficiently supports a promise of permanent employment.
Plaintiff relies on Martin v. Federal Life Insurance Co. (1982), 109 Ill.App.3d 596, 65 Ill.Dec. 143, 440 N.E.2d 998. In Martin, the court found, without citing Titchener v. *981 Avery Coonley School (1976), 39 Ill.App.3d 871, 350 N.E.2d 502, that the rule enunciated in Heuvelman v. Triplett (1959), 23 Ill. App.2d 231, 161 N.E.2d 875, where the court found that foregoing another employment opportunity is insufficient consideration to support a promise of permanent employment, had "not been analyzed or reviewed in later Illinois cases," and that it appeared that the statement was an "overbroad" "misstatement of the consideration concept." (Martin, 109 Ill.App.3d 596, 601, 65 Ill.Dec. 143, 440 N.E.2d 998.) The Martin court wrote,
"Notwithstanding the Heuvelman dictum that it is insufficient consideration to forego other employment opportunities, we believe that when the employee gives up another offer in exchange for and in reliance upon the employer's promise of permanent employment that contract, if proved, is enforceable." Martin, 109 Ill. App.3d at 602-03, 65 Ill.Dec. 143, 440 N.E.2d 998.
The Martin court went on to reason that sufficient consideration existed because the employer agreed to relinquish its right to terminate plaintiff at will in exchange for the retention of a valuable employee.
Contrary to the decision in Martin, this court, in Heuvelman, affirmed a grant of summary judgment for the employer, stating, 23 Ill.App.2d at page 236, 161 N.E.2d 875, that "[i]t is not sufficient consideration for a contract of permanent employment to forego another employment opportunity." There, the employee alleged that he rejected an offer from a competitor in exchange for defendant's oral promise of permanent employment.
Also, in Titchener, this court again affirmed a summary judgment for the defendant employer, finding, 39 Ill.App.3d at page 875, 350 N.E.2d 502, that the affidavits did not establish a "special bargained for detriment to plaintiff as consideration for the alleged promise" of permanent employment. In Titchener, the employee alleged that she had relinquished her tenured position with another school partially in exchange for defendant's oral promise of permanent employment.
Subsequent to Martin, this court in Ladesic v. Servomation Corp. (1986), 140 Ill. App.3d 489, 95 Ill.Dec. 12, 488 N.E.2d 1355, affirmed the trial court's dismissal of plaintiff's case and decided, at pages 491-93, 95 Ill.Dec. 12, 488 N.E.2d 1355, that, in accordance with Heuvelman and Titchener, foregoing an offer of employment is not sufficient consideration and that some additional consideration other than the employee's service in exchange for payment is required. The Ladesic court also found the Martin holding to be an anomaly because the Martin court departed from the earlier rules.
We consider the majority rule to be the rule espoused in Heuvelman and its progeny. We also consider this rule to be the better rule. To be enforceable, the terms of an oral agreement for permanent employment must be clear and definite, Wilder v. Butler Manufacturing Co. (1989), 178 Ill.App.3d 819, 821, 128 Ill.Dec. 41, 533 N.E.2d 1129; Heuvelman, 23 Ill.App.2d at 236, 161 N.E.2d 875, and supported by sufficient consideration. Ladesic, 140 Ill.App.3d at 491, 95 Ill.Dec. 12, 488 N.E.2d 1355; Titchener, 39 Ill.App.3d at 875, 350 N.E.2d 502. Here, the promise was not clear and definite.
Defendant did comment about plaintiff being groomed to become the president and defendant did respond that plaintiff's job was a long-term proposition. However, optimistic expressions about the future and statements which are informal in character and express only "long continuing good will and hope for eternal association" are insufficient to establish an oral contract for permanent employment. Wilder, 178 Ill.App.3d at 821, 128 Ill.Dec. 41, 533 N.E.2d 1129; Titchener, 39 Ill.App.3d at 875, 350 N.E.2d 502, quoting Heuvelman, 23 Ill.App.2d at 236, 161 N.E.2d 875.
Further, the profit sharing and supplemental income plans contained provisions which provided that each plan was subject to plaintiff's employment with defendants and that nothing contained in the agreement restricted defendant's right to terminate plaintiff at any time with or without cause subject to the rights and obligations under the employment agreement. Such provisions suggest that *982 plaintiff's employment with defendants was of a terminable-at-will nature.
Plaintiff cites Duldulao, where the court held that language in an employee handbook setting forth procedures for discharge for permanent employees created an enforceable right to compel an employer to adhere to those procedures. However, the Duldulao court did not consider an alleged oral contract for permanent employment. Nor does the instant case involve the interpretation of an employee handbook.
For the foregoing reasons, we hold that the court did not err by entering summary judgment in defendant's favor.
Judgment affirmed.
GORDON and McNULTY, JJ., concur.