Fourth Division
January 21, 2010

No. 1-08-1733

| | | |
|---|---|---|
| KATHRYN LONG, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 05 L 14201 |
| | ) | |
| AHMED ELBORNO, | ) | Honorable |
| | ) | James D. Egan, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE NEVILLE delivered the opinion of the court:

The plaintiff, Kathryn Long, filed a negligence action against the defendants, Dr. Ahmed Elborno and Rush Oak Park Hospital (Rush). Rush filed a motion to dismiss the complaint pursuant to Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)), and the trial court granted the motion based on Long's failure to exercise reasonable diligence in serving Rush with her summons and complaint. Long appealed the trial court's order granting Rush's motion to dismiss the complaint and voluntarily dismissed her complaint against Dr. Elborno. This court affirmed the trial court's order granting Rush's motion to dismiss the complaint. Long v. Elborno, 376 Ill. App. 3d 970 (2007) (Long I).

Long refiled her complaint against Dr. Elborno on December 19, 2005. Dr. Elborno filed a motion to dismiss the complaint pursuant to Supreme Court Rule 103(b), which the trial court denied. The trial court certified three questions for this court's review: (1) whether Judge Abishi Cunningham's determination that plaintiff failed to exercise reasonable diligence in serving Rush

Oak Park Hospital became the law of the case for all subsequent stages of litigation and for the remaining party, Dr. Elborno; (2) whether by virtue of the appellate court's decision in Long I, holding that plaintiff failed to exercise reasonable diligence in serving Rush Oak Park Hospital during the first seven months of her case, plaintiff is collaterally estopped from asserting that she was reasonably diligent in serving Dr. Elborno when her actions were identical for the parties during this time period and Dr. Elborno was not served for an additional four months after service on the hospital; and (3) whether Supreme Court Rule 103(b) permits plaintiff to be given a credit for the time it took her to secure a health professional report, pursuant to section 2-622 of the Code of Civil Procedure (735 ILCS 5/2-622 (West 2004)), when analyzing her reasonable diligence in serving Dr. Elborno.

BACKGROUND

On December 3, 2004, Long filed a two-count complaint against Dr. Elborno and Rush and alleged that on December 3, 2002, the defendants negligently performed a vertebroplasty procedure on Long. Long attached to the complaint an affidavit from her attorney, Bradley Lichtman. Lichtman averred that he was unable to obtain a physician's consultation as required by section 2-622(a)(1) of the Code of Civil Procedure (Code), (1) because the statute of limitations would impair the action, and (2) because the physician's consultation could not be obtained before the expiration of the statute of limitations. 735 ILCS 5/2-622(a)(1), (a)(2) (West 2004). On March 3, 2005, Long filed an affidavit and written report from Dr. Ranjit Wahi as required by section 2-622(a)(1) of the Code. 735 ILCS 5/2-622(a)(1) (West 2004).

On June 15, 2005, a summons was issued for Dr. Elborno and Rush. On July 6, 2005, the

- 2 -

sheriff served Long's complaint and summons on Neal Levin, an authorized person to receive service for Rush.

On July 22, 2005, an alias summons was issued for Dr. Elborno. On August 15, 2005, another alias summons was issued for Dr. Elborno.

On August 19, 2005, Rush filed a motion to dismiss Long's complaint, pursuant to Supreme Court Rule 103(b), and maintained that the complaint served on the hospital did not have an affidavit and a health professional's report attached to it, and that Long failed to exercise reasonable diligence in obtaining service on Rush. 134 Ill. 2d R. 103(b).

On September 2, 2005, September 9, 2005, and September 10, 2005, the Cook County sheriff unsuccessfully attempted to effectuate service of the summons and complaint on Dr. Elborno.

On October 11, 2005, Long filed a response to Rush's motion to dismiss. Attached to the response was an affidavit from Lichtman. Lichtman averred that he personally filed the complaint on December 3, 2004, and that he believed the support staff at his law firm would have the sheriff serve the defendants. Lichtman further averred that, while examining Long's case filed on March 3, 2005, he noticed that the summons and complaint had not been served. He again directed the law firm's support staff to have the sheriff serve the defendants. Lichtman further averred that, between March 3, 2005, and June 15, 2005, he directed the law firm's support staff on multiple occasions to obtain service on the defendants. Finally, Lichtman averred that on June 15, 2005, a clerk at the law firm had the clerk of the circuit court file stamp the summons, and that on June 17, 2005, the summons and the complaint were delivered to the Cook County sheriff to be served on the defendants.

On November 4, 2005, an alias summons was issued for Dr. Elborno, and the trial court appointed a special process server to serve the summons and complaint on Dr. Elborno. On November 6, 2005, the special process server served the summons and complaint on Dr. Elborno.

On November 7, 2005, the trial court granted Rush's motion to dismiss the complaint with prejudice. On November 9, 2005, Long filed a motion to voluntarily dismiss the action against Dr. Elborno without prejudice, and it was granted by the trial court. Long filed an appeal (Long I) with this court.

On December 19, 2005, Long refiled her negligence complaint against Dr. Elborno. Attached to the refiled complaint was the affidavit and written report of Dr. Ranjit Wahi. On December 19, 2005, a summons was issued for Dr. Elborno. On January 5, 2006, Dr. Elborno was personally served with the summons and refiled complaint.

On February 6, 2006, Dr. Elborno filed a motion to dismiss the refiled complaint pursuant to Supreme Court Rule 103(b). In the motion, Dr. Elborno argued that Long failed to exercise reasonable diligence in effectuating service on him because Long filed her original complaint on December 3, 2004, Long placed the summons with the sheriff on June 15, 2005, and he was served with the original complaint on November 5, 2005.

On August 21, 2006, Long filed a response to Dr. Elborno's motion to dismiss the complaint. Attached to Long's response was the deposition of Neal Levin, the risk manager for Rush. Levin testified at his deposition that between December 2004 and January 2005, he informed Dr. Elborno that a lawsuit had been filed naming Dr. Elborno as a defendant. Levin further testified at the deposition that he had a copy of the complaint during his meeting with Dr. Elborno.

On September 14, 2006, the trial court conducted a hearing on Dr. Elborno's motion to dismiss the complaint. The trial court gave Long credit for the three months between the time she filed the complaint on December 3, 2004, and secured the physician affidavit and written report required by section 2-622(a)(1) of the Code on March 3, 2005. 735 ILCS 5/2-622(a)(1) (West 2004). The trial found that the case was not "worthy of Rule 103(b) relief" and denied Dr. Elborno's motion to dismiss the complaint.

On September 20, 2007, this court affirmed the trial court's order granting Rush's motion to dismiss the complaint. Long I, 376 Ill. App. 3d at 982. With regard to Long's argument that the trial court abused its discretion when it found that she failed to exercise reasonable diligence in obtaining service of her summons and complaint on Rush, this court reviewed the seven factors a court must consider when determining whether to grant a motion to dismiss pursuant to Supreme Court Rule 103(b). See Segal v. Sacco, 136 Ill. 2d 282, 287 (1990). With regard to the first Segal factor - the length of time used to obtain service of process - this court found that a time period exceeding seven months between the filing of the complaint on December 3, 2004, and service of the summons and complaint on Rush on July 6, 2005, supported a finding of a lack of reasonable diligence. With regard to the second Segal factor - the plaintiff's activities - this court found (1) that Long's difficulty in obtaining a section 2-622(a)(1) report did not excuse her from her duty to timely effectuate service, and (2) that the law firm's support staff's failure to have the summons issued by the clerk of the court, even though inadvertent and unintentional, did not support her position because it is an objective, not subjective, test that is used to determine whether the plaintiff exercised reasonable diligence. With regard to the third Segal factor - the plaintiff's knowledge of defendant's

location - and the fourth Segal factor - the ease with which the defendant's whereabouts could have been ascertained - Long conceded that Rush prevailed. With regard to the fifth Segal factor - whether the defendant had actual knowledge of the pending action - this court found that Long failed to present facts which established that Rush had actual knowledge of the pending action. With regard to the sixth Segal factor - special circumstances that would affect plaintiff's efforts - this court found that no special circumstances existed. Finally, with regard to the seventh Segal factor - whether the defendant was actually served - this court found that service on Rush was not difficult to obtain because Rush was successfully served on the first attempt. Therefore, because this court found that the seven Segal factors favored Rush, this court held that the trial court did not abuse its discretion when it granted Rush's motion to dismiss Long's complaint because Long failed to exercise reasonable diligence in obtaining service on Rush. Long I, 376 Ill. App. 3d at 982.

On December 7, 2007, Dr. Elborno filed a motion predicated on Long I and requested that the trial court reconsider its order denying his motion to dismiss the complaint. On March 13, 2008, the trial court denied the motion. On April 9, 2008, Dr. Elborno filed a motion to clarify the March 13, 2008 order, and on April 17, 2008, the trial court denied Dr. Elborno's motion to reconsider and to dismiss.

On May 16, 2008, Dr. Elborno filed a motion for interlocutory appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308). On June 18, 2008, the trial court granted Dr. Elborno's motion and certified three questions for this court's review: (1) whether Judge Abishi Cunningham's determination that plaintiff failed to exercise reasonable diligence in serving Rush Oak Park Hospital became the law of the case for all subsequent stages of litigation and for the remaining party, Dr.

Elborno; (2) whether by virtue of the appellate court's decision in Long I, holding that plaintiff failed to exercise reasonable diligence in serving Rush Oak Park Hospital during the first seven months of her case, plaintiff is collaterally estopped from asserting that she was reasonably diligent in serving Dr. Elborno when her actions were identical for the parties during this time period and Dr. Elborno was not served for an additional four months after service on the Hospital; and (3) whether Supreme Court Rule 103(b) permits plaintiff to be given a credit for the time it took her to secure a health professional report, pursuant to section 2-622, when analyzing her reasonable diligence in serving Dr. Elborno.

ANALYSIS

In an interlocutory appeal brought pursuant to Rule 308, our examination is strictly limited to the certified question presented to the court. Giangiulio v. Ingalls Memorial Hospital, 365 Ill. App. 3d 823, 829-30 (2006), citing Fosse v. Pensabene, 362 Ill. App. 3d 172, 177 (2005), quoting Thompson v. Gordon, 356 Ill. App. 3d 447, 451 (2005). We conduct a *de novo* review of all questions of law. Giangiulio, 365 Ill. App. 3d at 829, citing Fosse, 362 Ill. App. 3d at 177. " 'Our task is to answer the certified questions rather than to rule on the propriety of any underlying order.' " Giangiulio, 365 Ill. App. 3d at 829, quoting Fosse v. Pensabene, 362 Ill. App. 3d at 177, citing P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corp., 345 Ill. App. 3d 992, 998 (2004).

I. Law of the Case

The first question we must answer is whether Judge Abishi Cunningham's determination that plaintiff failed to exercise reasonable diligence in serving Rush Oak Park Hospital became the law of the case for all subsequent stages of litigation and for the remaining party, Dr. Elborno.

"Generally, the law of the case doctrine bars relitigation of an issue previously decided in the same case." Krautsack v. Anderson, 223 Ill. 2d 541, 552 (2006), citing People v. Tenner, 206 Ill. 2d 381, 395 (2002). Questions of law that are decided on a previous appeal are binding on the trial court on remand as well as on the appellate court in subsequent appeals. Norris v. National Union Fire Insurance Co. of Pittsburgh, 368 Ill. App. 3d 576, 580 (2006), citing Martin v. Federal Life Insurance Co., 268 Ill. App. 3d 698, 701 (1994). The law of the case doctrine protects settled expectations of the parties, ensures uniformity of decisions, maintains consistency during the course of a single case, effectuates proper administration of justice, and brings litigation to an end. Petre v. Kucich, 356 Ill. App. 3d 57, 63 (2005).

The two recognized exceptions to the law of the case doctrine are: (1) when a higher reviewing court makes a contrary ruling on the same issue subsequent to the lower court's decision, and (2) when a reviewing court finds that its prior decision was palpably erroneous. Norris, 368 Ill. App. 3d at 581, citing Martin, 268 Ill. App. 3d at 701 and Stallman v. Youngquist, 152 Ill. App. 3d 683 (1987).

When all of the causes of action in a complaint are dismissed, either voluntarily or involuntarily, the case is terminated in its entirety and all final orders become immediately appealable. Hudson v. City of Chicago, 228 Ill. 2d 462, 468 (2008), citing Dubina v. Mesirow Realty Development, Inc., 178 Ill. 2d 496, 503 (1997). The refiling of a cause of action that the party had previously and voluntarily dismissed does not constitute a continuation of the previous action; rather, it is an entirely new action. Hudson, 228 Ill. 2d at 469.

In the instant case, when the trial court dismissed Long's complaint against Rush on

November 7, 2005, with prejudice, Rush and Dr. Elborno had been served with a summons and complaint and were parties to the lawsuit. See Orthwein v. Thomas, 127 Ill. 554, 571 (1889) (defining "parties" as "those only who are named as such in the record, and are properly served with process, or enter their appearance"). When the trial court dismissed the complaint against Rush with prejudice, the cause of action against Dr. Elborno remained pending. Two days later, on November 9, 2005, Long voluntarily dismissed the complaint against Dr. Elborno. Approximately one month later, on December 19, 2005, Long refiled the complaint against Dr. Elborno.

We find that the refiling of the action against Dr. Elborno did not constitute a continuation of the previous action; rather, the refiling of the lawsuit created an entirely new action. Hudson, 228 Ill. 2d at 469. We note that the parties cite Pekin Insurance Co. v. Pulte Home Corp., 344 Ill. App. 3d 64 (2003), for the proposition that the law of the case doctrine applies to refiled causes of action, but we find that case to be factually distinguishable from the instant case. Accordingly, we hold that the law of the case doctrine is inapplicable in the instant case because the refiling of the complaint was not a continuation of the old action, but the commencement of an entirely new action. Hudson, 228 Ill. 2d at 469.

## II. Collateral Estoppel

Next, we must determine whether by virtue of the appellate court's decision in Long I, holding that plaintiff failed to exercise reasonable diligence in serving Rush Oak Park Hospital during the first seven months of her case, plaintiff is collaterally estopped from asserting that she was reasonably diligent in serving Dr. Elborno when her actions were identical for the parties during this time period and Dr. Elborno was not served for an additional four months after service on the

Hospital.

The applicability of the collateral estoppel doctrine is a question of law, which this court reviews *de novo*. Allianz Insurance Co. v. Guidant Corp., 387 Ill. App. 3d 1008, 1022 (2008), citing In re A.W., 231 Ill. 2d 92, 99 (2008). Collateral estoppel precludes a party from relitigating an issue decided in a prior proceeding. Herzog v. Lexington Township, 167 Ill. 2d 288, 294-95 (1995), citing Illinois State Chamber of Commerce v. Pollution Control Board, 78 Ill. 2d 1, 7 (1979). In Nowak v. St. Rita High School, 197 Ill. 2d 381, 389-90 (2001), the Illinois Supreme Court explained the doctrine as follows:

> "The doctrine of collateral estoppel applies when a party, or someone in privity with a party, participates in two separate and consecutive cases arising on different causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit by a court of competent jurisdiction. The adjudication of the fact or question in the first cause will, if properly presented, be conclusive of the same question in the later suit, but the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined and not as to other matters which might have been litigated and determined." (Emphasis omitted.)

The requirements for the application of the collateral estoppel doctrine are: (1) the issue decided in the prior adjudication is identical with the one presented in the suit in question; (2) there

was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party or in privy with a party to the prior adjudication. Gumma v. White, 216 Ill. 2d 23, 38 (2005), citing Du Page Forklift Service, Inc. v. Material Handling Services, Inc., 195 Ill. 2d 71, 77 (2001); American Family Mutual Insurance Co. v. Savickas, 193 Ill. 2d 378, 387 (2000); Talarico v. Dunlap, 177 Ill. 2d 185, 191 (1997). "In other words, collateral estoppel or issue preclusion prevents relitigation of an issue between the same parties or their privies in any future lawsuit based on a different claim." 47 Am. Jur. 2d *Judgments* §487 (2006). Collateral estoppel applies to questions of law and findings of fact. Du Page Forklift Service, Inc. v. Material Handling Services, Inc., 195 Ill. 2d 71, 79 (2001).

The first collateral estoppel factor we must consider is whether the issue decided in Long I is identical with the one presented in the instant case. Gumma, 216 Ill. 2d at 38, citing Du Page Forklift Service, Inc., 195 Ill. 2d at 77; American Family Mutual Insurance Co., 193 Ill. 2d at 387; Talarico, 177 Ill. 2d at 191. The issue decided in Long I was whether Long acted with reasonable diligence in serving a defendant, Rush, with her summons and complaint. Long I, 376 Ill. App. 3d at 972. The issue presented in the instant case is whether Long acted with reasonable diligence in serving a defendant, Dr. Elborno, with her summons and complaint. Therefore, we find that the issue decided in Long I is identical to the one presented in the instant case. Gumma, 216 Ill. 2d at 38, citing Du Page Forklift Service, Inc., 195 Ill. 2d at 77; American Family Mutual Insurance Co., 193 Ill. 2d at 387; Talarico, 177 Ill. 2d at 191.

The second collateral estoppel factor we must consider is whether there was a final judgment on the merits in the prior adjudication. Gumma, 216 Ill. 2d at 38, citing Du Page Forklift Service,

Inc., 195 Ill. 2d at 77; American Family Mutual Insurance Co., 193 Ill. 2d at 387; Talarico, 177 Ill. 2d at 191. In Long I, on November 7, 2005, the trial court entered an order granting Rush's motion to dismiss the complaint. The order stated that the "matter is final and appealable as there exists no just reason for delaying either enforcement or appeal of both." A judgment or order is "final" if it disposes of the rights of the parties, either on the entire case or on a separate part thereof. See In re Marriage of Gutman, 232 Ill. 2d 145, 151 (2008), citing R.W. Dunteman Co. v. C/G Enterprises, Inc., 181 Ill. 2d 153, 159 (1998). Therefore, because the order disposed of all matters related to Rush and contained Rule 304(a) language, we hold that there was a final judgment on the merits in the prior adjudication. Gumma, 216 Ill. 2d at 38, citing Du Page Forklift Service, Inc., 195 Ill. 2d at 77; American Family Mutual Insurance Co., 193 Ill. 2d at 387; Talarico, 177 Ill. 2d at 191.

The third collateral estoppel factor we must consider is whether the party against whom estoppel is asserted was a party or in privy with a party to the prior adjudication. Gumma, 216 Ill. 2d at 38, citing Du Page Forklift Service, Inc., 195 Ill. 2d at 77; American Family Mutual Insurance Co., 193 Ill. 2d at 387; Talarico, 177 Ill. 2d at 191. In the instant case, Dr. Elborno asserts that Long is collaterally estopped from asserting that she was reasonably diligent in serving Dr. Elborno. Long was a party in Long I and is a party in the instant case. Therefore, we find that Long was a party to the prior adjudication. Gumma, 216 Ill. 2d at 38, citing Du Page Forklift Service, Inc., 195 Ill. 2d at 77; American Family Mutual Insurance Co., 193 Ill. 2d at 387; Talarico, 177 Ill. 2d at 191. Accordingly, because we find the collateral estoppel doctrine applies, we hold that Long is collaterally estopped from asserting that she was reasonably diligent in serving Dr. Elborno when Dr. Elborno was not served for an additional four months after Rush: Rush was served on July 6,

2005, and Dr. Elborno was served on November 6, 2005.

### III. Credit for Securing a Section 2-622 Health Professional's Report

Finally, we must determine whether Supreme Court Rule 103(b) permits Long to be given a credit for the time it took her to secure a health professional report, pursuant to section 2-622, when analyzing her reasonable diligence in serving Dr. Elborno.

Section 2-622 of the Code provides that in any action in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or a *pro se* plaintiff shall file an affidavit declaring: (1) that a health professional has reviewed the facts of the case and has indicated that there is a meritorious cause for filing the action, or (2) that the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations, or (3) that a request has been made by the plaintiff or his attorney for examination and copying of records and the party required to comply has failed to produce such records within 60 days of the receipt of the request. 735 ILCS 5/2-622 (West 2004). If an affidavit is executed pursuant to paragraph 2, the affidavit and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. 735 ILCS 5/2-622(a)(2) (West 2004). Finally, if an affidavit is executed pursuant to paragraph 2, the defendant shall be excused from answering or otherwise pleading until 30 days after being served with an affidavit and a report required by paragraph 1. 735 ILCS 5/2-622(a)(2) (West 2004).

Supreme Court Rule 103(b) provides:

"If the plaintiff fails to exercise reasonable diligence to obtain

service on a defendant, the action as to that defendant may be dismissed without prejudice, with the right to refile if the statute of limitation has not run. The dismissal may be made on the application of any defendant or on the court's own motion." 177 Ill. 2d R. 103(b).

As indicated above, a court is required to consider several factors when determining whether to allow or deny a Rule 103(b) motion, including: (1) the length of time used to obtain service of process; (2) the activities of the plaintiff; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances that would affect the plaintiff's efforts; and (7) actual service on the defendant. Segal, 136 Ill. 2d at 286.

In the instant case, Long filed her original complaint on December 3, 2004. Attached to the complaint was an affidavit from Lichtman, her attorney, in which he averred that he was unable to obtain a physician's consultation, as required by section 2-622(a)(1) of the Code, (1) because the statute of limitations would impair the action, and (2) because the physician's consultation could not be obtained before the expiration of the statute of limitations. 735 ILCS 5/2-622(a)(1), (a)(2) (West 2004). Here, Long filed an affidavit pursuant to section 2-622(a)(2), and therefore, section 2-622(a)(1) of the Code provided Long with 90 additional days to file the affidavit and written report. On March 3, 2005, Long filed an affidavit and written report from Dr. Ranjit Wahi, as required by section 2-622(a)(1) of the Code. 735 ILCS 5/2-622(a)(1) (West 2004).

- 14 -

The question this court is asked to answer is whether Supreme Court Rule 103(b) permits plaintiff to be given a credit for the time it took her to secure a health professional report, pursuant to section 2-622. The Code provides that a plaintiff is given an additional 90 days to file the required affidavit and written report if the plaintiff files an affidavit pursuant to section 2-622(a)(2) of the Code. 735 ILCS 5/2-622(a)(2) (West 2004). Because the Code provides the plaintiff with an additional 90 days within which to file the required affidavit and written report, the plaintiff cannot be penalized for abiding by the Code. See, e.g., Case v. Galesburg Cottage Hospital, 227 Ill. 2d 207, 215 (2007) (holding that the court could not infringe upon a statutory right to refile a case); see also Matsuda v. Cook County Employees' & Officers' Annuity & Benefit Fund, 178 Ill. 2d 360, 366 (1997), quoting Pliakos v. Illinois Liquor Control Comm'n, 11 Ill. 2d 456, 460 (1957) (stating that a court should avoid interpretations that render statutes " 'insignificant, meaningless, inoperative, or nugatory' ").

We note, however, that although a plaintiff is not penalized for exercising her statutory right and taking 90 additional days to file the required affidavit and written report (735 ILCS 5/2-622(a)(2) (West 2004)), a delay in obtaining a section 2-622(a)(1) report does not excuse a plaintiff from her duty to effectuate service on a defendant. See Long I, 376 Ill. App. 3d at 980 ("[D]elay, even when inadvertent and unintentional, provides no support for Long's position because the reasonable diligence requirement in Supreme Court Rule 103(b) is not based upon a subjective test of plaintiff's intent but rather upon the objective test of reasonable diligence in effectuating service"), citing Tischer v. Jordan, 269 Ill. App. 3d 301, 307 (1995), and Lewis v. Dillon, 352 Ill. App. 3d 512, 518 (2004). We find that section 2-622(a) provides the plaintiff with a statutory right to an additional

- 15 -

90 days to obtain a physician's affidavit, but does not excuse the plaintiff from serving the defendant until the report is filed. See Lewis, 352 Ill. App. 3d at 519; 735 ILCS 5/2-622(a)(2) (West 2004). Accordingly, we hold that Supreme Court Rule 103(b) does not require the trial court to give Long credit for the time it took her to secure a section 2-622 health professional's report.

CONCLUSION

In light of the foregoing, we answer the certified questions as follows: (1) Judge Abishi Cunningham's determination that plaintiff failed to exercise reasonable diligence in serving Rush Oak Park Hospital did not become the law of the case for all subsequent stages of litigation and for the remaining party, Dr. Elborno; (2) that because of the appellate court's decision in Long I, holding that plaintiff failed to exercise reasonable diligence in serving Rush Oak Park Hospital during the first seven months of her case, the doctrine of collateral estoppel applies and the plaintiff is collaterally estopped from asserting that she was reasonably diligent in serving Dr. Elborno when her actions were identical for both parties during this time period and Dr. Elborno was not served for an additional four months after service on the Hospital; and (3) that Supreme Court Rule 103(b) does not permit plaintiff to be given a credit for the time it took her to secure a health professional report, pursuant to section 2-622, when analyzing her reasonable diligence in serving Dr. Elborno.

Certified questions answered.

O'MARA FROSSARD, P.J., and GALLAGHER, J., concur.