Corrine LUZON, Plaintiff,

v.

**ATLAS INSURANCE AGENCY, INC.,**
Island Insurance Co., Richard Fukeda
as an Individual, John Doe(s) 1–10 and
Doe Corporation(s) 1–10., Defendants.

Civ. No. 02–00771 SOM/LEK.

United States District Court, D. Hawai'i.

Sept. 30, 2003.

Charles R. Brown, argued, Honolulu, HI, for Plaintiffs.

Malia E. Kakos, argued, Marr Hipp Jones & Pepper, Honolulu, HI, for Defendants.

---

### AMENDED ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

MOLLWAY, District Judge.

## I. OVERVIEW.

Plaintiff Corrine Luzon has filed claims against Atlas Insurance Agency, Inc., Island Insurance, Inc., and Richard Fukeda, as an individual (hereinafter "Defendants"). Luzon alleges that Defendants violated her Fourth, Fifth, Eighth, and Fourteenth Amendment rights. She also asserts common law claims of intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED"). Luzon refers vaguely to the Americans with Disabilities Act ("ADA"), Haw.Rev.Stat. ch. 368, and Haw. Rev.Stat. ch. 378, but fails to allege a claim based on these statutory provisions.

Defendants now move for judgment on the pleadings. The court agrees with Defendants that the lack of state action bars the constitutional claims and that Luzon fails to state claims on other grounds. The court therefore GRANTS the motion. Although the deadline for amending pleadings has passed, the court gives Luzon until October 10, 2003, to file a motion with the Magistrate Judge to extend the deadline for filing and for leave to file an amended complaint.

## II. BACKGROUND FACTS.

Luzon was hired as an assistant by Atlas in 1992. She remained in the same position after Atlas and Island merged in 1996. Fukeda was Luzon's immediate supervisor at the company during the time at issue in the case. While employed, Luzon was diagnosed with pustular psoriasis, a chronic and debilitating illness that causes skin lesions. From January to June 2001, Luzon was on medical leave from work because of her disability. In June 2001, Luzon briefly returned to work before taking vacation leave. In January 2002, while on vacation, Luzon suffered a relapse of her symptoms and was told by a doctor that she could not return to work until February 2002 at the earliest. Plaintiff alleges that, rather than accommodating her illness, Atlas informed her that she was no longer covered by the Family and Medical Leave Act ("FMLA"). Luzon alleges that she was then fired "due to her recent illness." Compl. ¶ 25.

## III. STANDARD OF REVIEW.

■ Rule 12(c) states:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(c). The standard governing a Rule 12(c) motion for judgment on the pleadings is essentially the same as that governing a Rule 12(b)(6) motion. For a Rule 12(c) motion, the allegations of the nonmoving party must be accepted as true, while the allegations of the moving

party that have been denied are assumed to be false. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.1989) (internal citation omitted). The motion will be granted if, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law. *Torbet v. United Airlines, Inc.*, 298 F.3d 1087, 1089 (9th Cir.2002). Judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment. Fed. R.Civ.P. 12(c). *See also Hal Roach Studios*, 896 F.2d at 1550.

## IV. ANALYSIS.

### A. Luzon's Constitutional Claims are Dismissed for Failure to Allege State Action.

Luzon alleges a myriad of constitutional violations. Compl. ¶¶ 28–29. She has not, however, alleged that Defendants' actions constitute state action.

 "Individuals bringing actions against private parties for infringement of their constitutional rights ... must show that the private parties' infringement somehow constitutes state action." *George v. Pacific–CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir.1996). The Ninth Circuit has recognized four criteria to identify state action: (1) public function; (2) joint action; (3) governmental compulsion; and (4) close nexus. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir.2003) (internal citations omitted).

 Luzon has failed to allege facts to show that the actions of two private insurance companies and one of their employees constitute action by the government. Luzon requests time to conduct discovery prior to the dismissal of her constitutional claims. Opp'n n. 2. Rule 11 of the Federal Rules of Civil Procedure requires a party

to have a good faith basis for a complaint before filing suit. The court cannot see how Luzon has a good faith basis for believing that Defendants' actions constitute state action. The court will not grant time for discovery for Luzon to find a good faith basis for her claims; Luzon should have had some basis for bringing her claims before she filed them. Luzon's constitutional claims are therefore dismissed.

### B. Luzon's IIED Claim is Dismissed.

Luzon alleges IIED. Compl. ¶ 30. As pled, Luzon's claim for IIED is derivative of her constitutional claims. Once the underlying constitutional claims are dismissed, there is no basis for an IIED claim.

### C. Luzon's NIED Claim is Dismissed.

Luzon alleges the NIED. Compl. ¶ 31. As pled, Luzon's claim for NIED is derivative of her constitutional claims. Once the underlying constitutional claims are dismissed, the NIED claim, like the IIED claim, fails.

The court notes further that claims for negligent infliction of emotional distress are barred by the exclusive remedy provision of Hawaii's workers' compensation law. Section 386–5 states in part:

> The right and remedies herein granted to an employee or the employee's dependents on account of a work injury suffered by the employee shall exclude all other liability of the employer to the employee ... to recover damages from the employer, at common law or otherwise, on account of injury, except for sexual harassment or sexual assault and infliction of emotional distress or invasion of privacy related thereto ....

 Under Hawaii law, claims for negligent infliction of emotional distress are barred by Haw.Rev.Stat. § 386–5, unless the claims relate to sexual harassment or assault. *Beaulieu v. Northrop Grumman*

*Corp.,* 161 F.Supp.2d 1135, 1137 (D.Haw. 2000); *see also Courtney v. Canyon Television & Appliance Rental, Inc.,* 899 F.2d 845 (9th Cir.1990). Luzon is clearly not claiming sexual harassment or assault.

### D. *Luzon Has Failed to Properly State a Claim under the ADA or Haw.Rev.Stat. Ch. 378*

■ Luzon claims that she has properly alleged violations of the ADA and Haw. Rev.Stat. ch. 378. Opp'n at 3–4. She further contends that Defendants' failure to oppose these claims precludes their dismissal. *Id.* The pleading requirement under the Federal Rules Civil Procedure is not burdensome. Rule 8(a) requires only that the plaintiff set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Luzon's Complaint fails to satisfy even this minimal burden. Luzon refers to the ADA and chapter 378 in the "Jurisdiction and Venue" section of her Complaint. Compl. at 2. That reference says only:

Plaintiff brings this action against defendants to redress the deprivation of rights secured her by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, Hawaii Revised Statute(s), Section(s) 368 and 378; and the Americans with Disabilities Act and the common law(s).

However, Luzon does not make reference to either statute in the counts specifying the actual claims. Luzon argues that her reference to general "Statutory Civil Rights" in the title of the second count ("Second Cause of Action—Violation of Constitutional and Statutory Civil Rights") is sufficient. Opp'n at 3–4. However, a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Lee v. City of Los Angeles,* 250 F.3d 668, 679 (9th Cir.2001) (internal citations omitted). An oblique reference to general statutory violations, in the title of a count that only

specifically alleges a violation of the Equal Protection Clause of the Fourteenth Amendment, fails to provide sufficient notice. Therefore, Luzon has failed to properly state a claim for relief under the ADA or chapter 378.

### E. *Luzon May Seek an Extension of the Deadline for Filing an Amended Complaint.*

Though the court dismisses Luzon's claims as they are currently pled, Luzon may ask the Magistrate Judge for an extension of the deadline for amending pleadings, which has already passed (and which, indeed, had just passed when the present motion was filed). Luzon may, in the same motion, seek leave to file an amended complaint in the event the portion of her motion seeking an extension of the deadline is granted. However, this court is not suggesting that the Magistrate Judge should indeed grant any such motion Luzon may file. This court invites the Magistrate Judge to consider the parties' submissions on the issue, particularly the reasons Luzon may advance to justify an extension, and to rule accordingly. The court sets October 10, 2003, as the deadline for Luzon to file any motion for an extension and, if an extension is granted, for leave to file an amended complaint. If Luzon files such a motion, she must attach a proposed amended complaint to her motion as an exhibit. She must also comply with local court rules as to format, paying particular attention to the font size requirements in Local Rule 10.2, which her opposition to the present motion violated.

Luzon expressed concern at the hearing about statute of limitation issues, and the court invites her to fashion any motion she files with those issues in mind. Luzon is also clearly aware of the requirement that she have exhausted administrative remedies. The court suggests that, if she intends to assert a violation of Haw.Rev. Stat. § 378–2 against Fukeda in any

amended complaint she may be allowed to file, Luzon also pay attention to the issue of whether she may properly sue an individual employee under section 378–2.

In *Mukaida v. Hawaii*, 159 F.Supp.2d 1211 (D.Haw.2001), this court ruled that individual employees may not be sued under section 378–2. In so holding, this court recognized that it was at odds with another federal judge in this district. *See Black v. City & County of Honolulu*, 112 F.Supp.2d 1041, 1056–57 (D.Haw.2000) (King, J.) (discussing *Steinberg v. Hoshijo*, 88 Hawai'i 10, 18 n. 10, 960 P.2d 1218, 1226 n. 10(1998)). After this court issued its ruling in *Mukaida*, the Hawaii Supreme Court addressed a claim against individual employees under chapter 378. In *Schefke v. Reliable Collection Agency, Ltd.*, 96 Hawai'i 408, 32 P.3d 52 (Haw.2001), the Hawaii Supreme Court reversed the trial court's grant of directed verdicts to two individuals who had been sued for retaliating against the plaintiff after he filed an employment discrimination claim. *Schefke* permitted claims against one individual who was both an owner and a supervising employee, and against another individual who allegedly incited the alleged retaliation. Depending on the precise nature of any claim Luzon may assert against Fukeda, *Schefke* may not undercut *Mukaida*.[1]

1. The plaintiff in *Schefke* claimed that, after he filed a discrimination claim, he was denied the Christmas bonus he had received in previous years. He sued Jonathan Kirschner (an officer and 20 percent owner of the company for which the plaintiff worked) and Fred Kirschner (Jonathan's father and an 80 percent owner of a company that owned the remaining 80 percent of the company for which the plaintiff worked). On appeal, Fred argued that he could not be personally liable because he had had only a brief conversation concerning the bonus, Jonathan had made the bonus decision, and Fred had not participated in managing any employing company or in making decisions concerning the plaintiff. 96 Hawai'i at 442, 32 P.3d at 86. Fred appears to have been arguing that, as a factual issue, he was not responsible for the bonus decision. It is, therefore, not at all clear from the *Schefke* decision that the Hawaii Supreme Court considered itself to be squarely presented with the issue of whether employees are liable for employment discrimination to the same extent as employers.

More importantly, the decision to permit claims against Fred was based on Haw.Rev. Stat. § 378–2(3), which makes it unlawful for "any person whether an employer, employee, or not, to aid, abet, incite, compel, or coerce the doing of any of the discriminatory practices forbidden by this part." Fred was a person who allegedly had incited a retaliatory act. Fred did not have to be, and apparently was not, an employee; had he been, he would still have fallen within the express terms of section 378–2(3). The broad reference in section 378–2(3) to "any person" and the specific reference to "employee" are conspicuously missing from the more commonly cited sections of section 378–2, suggesting that the legislature, which clearly knew how to include employees within a statute's scope, intended those other sections to proscribe activities by only employers, labor organizations, and/or employment agencies. It was those other sections that the court focused on in *Mukaida*, after finding an aiding and abetting claim meritless. The court's concern with the aiding and abetting claim in *Mukaida* was not that such a claim was inapplicable to employees, but that, after the court threw out various claims on immunity grounds, the aiding and abetting claim involved only a single individual as an alleged aider and abettor. The court ruled that the theory of aiding and abetting required more than one actor, a decision that did not turn on whether the actor was an individual.

*Schefke* does not state the basis on which claims against Jonathan were allowed. Arguably, they were also allowed under section 378–2(3). Even if those claims fell under another section, the Hawaii Supreme Court's reference to Jonathan's part ownership of the closely held employing company, 96 Hawai'i at 415, 32 P.3d at 59, is notable. The court may have seen Jonathan, in his capacity as an owner, as functioning as the employer, in which case his actions would have been governed by section 378–2(2), which expressly applies to employers but is silent as to employees.

However, the last word has undoubtedly not been spoken on this issue, and this court raises this matter only for Luzon's consideration, if she is allowed to file an amended pleading.

This court is not here barring Luzon from including a claim against Fukeda under section 378–2 in any amended pleading she may be allowed to file, assuming she otherwise satisfies all the necessary elements of such a claim. There is, of course, the possibility that, even if Luzon is allowed to allege and does allege such a claim, this court will ultimately dismiss it. However, this court fully understands that, assuming Luzon is allowed to file an amended pleading, Luzon may need to assert even claims likely to be dismissed, so that she preserves her appellate rights as to issues that continue to be debated.

## V. *CONCLUSION.*

For the reasons stated above, the motion for judgment on the pleadings is GRANTED. Luzon may file, no later than October 10, 2003, a motion with the Magistrate Judge for an extension of the deadline for amending pleadings and for leave to file an amended complaint if the deadline is extended. If Luzon fails to file such a motion by October, 10, 2003, this action will be automatically dismissed, judgment in favor of Defendants will be entered, and this case will be closed.

IT IS SO ORDERED.