Edith Laraine MUKAIDA,
Plaintiff—Appellant,

v.

State of HAWAII; University of Hawaii;
Norman Okamura; Doe Defendants
1–20, Defendants—Appellees.

No. 02–17147.

D.C. No. CV–99–00419–SOM(LEK).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2003.

Decided Jan. 15, 2004.

Emlyn H. Higa, Honolulu, HI, for Plaintiff–Appellant.

Gary K.H. Kam, Law Office of Gary Kam, Honolulu, HI, Kathleen N.A. Watanabe, Honolulu, HI, Dean D. Choy, Honolulu, HI, Evelyn H. Nowaki, Office of General Counsel, Honolulu, HI, Walter S. Kirimitsu, University General Counsel, Honolulu, HI, James L. Bickerton, Bickerton, Saunders & Dang, Honolulu, HI, for Defendant–Appellee.

Before BROWNING, REINHARDT,
and THOMAS, Circuit Judges.

MEMORANDUM *

Plaintiff-appellant Edith Mukaida appeals the district court's grant of summary judgment in favor of the defendant-appellees, the University of Hawaii and the State of Hawaii, on her claim that she suffered sexual harassment by Norman Okamura in violation of Title VII of the Civil Rights Act of 1964. We AFFIRM.

We review the district court's grant of summary judgment de novo. *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir.2003). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court reasonably found, in accordance with Mukaida's assertions, that the evidence, viewed in the light most favorable to Mukaida, created a genuine issue of fact as to whether Okamura's alleged contacts with her were "unwelcome." However, the district court also properly found, contrary to her contentions, that no genuine issue of material fact existed as to whether she notified her employer that she was being harassed within the meaning of Title VII. Employers who *tolerate* sexual harassment against their employees are liable under Title VII, *see Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000). However, "an employer can only be liable for harassment of which it knows or should know." *Fuller v. City of Oakland*, 47 F.3d 1522, 1528 (9th Cir.1995).

■ Here, Mukaida alleges a series of unwelcome advances that purportedly took place almost exclusively in 1996 and 1997. She claims that she put the University on notice of the alleged sexual harassment by telling her supervisor, Michael Hamnett, about Okamura's conduct in a meeting that took place on December 18, 1996. Yet Mukaida testified that she could not remember whether she told Hamnett that Okamura's advances were unwelcome—at one point she testified that she did *not* tell him that they were—and she further testified that she could not recall whether she had followed a prepared script which would have put Hamnett on notice about the purported illegal conduct. Hamnett has alleged from the start that Mukaida described her relationship with Okamura as consensual, and that she never told him that Okamura engaged in any unwelcome sexual conduct. Mukaida took a temporary leave of absence shortly after her meeting with Hamnett, and the University is not liable for any failure to act during the period she was gone. Equally important, Mukaida provided no evidence that she was subjected to any unwelcome conduct after she returned to work or that she notified the University of any post-return harassment. Given the lack of evidence presented by Mukaida, the University cannot be held liable for a failure to act during the period after she returned to work.

■ Mukaida filed a workers' compensation claim in January 1998, and might have argued that this gave the University sufficient notice at least with respect to some period of time. Yet Mukaida did not offer any evidence that, following the filing of the claim, UH failed to conduct an adequate investigation. Moreover, she waived any such argument by failing to raise it in her opening brief. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir.1990). Mukaida thus failed to demonstrate that the University's investigation, which concluded that harassment did not occur, did not satisfy its remedial obligation. *See Swenson v. Potter*, 271 F.3d 1184, 1195 (9th Cir.2001) (holding that an "employer can act reasonably," and therefore avoid liability under Title VII, "yet reach a mistaken conclusion as to whether the accused employee actually committed harassment").

Accordingly, the district court's grant of summary judgment in favor of the defendants is AFFIRMED.